**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| HILTON CAPITAL GROUP, LLC.,<br>Plaintiff, | Case No. 1:26-cv-978 |
| vs | Dlott, J.<br>Bowman, M.J. |
| R.R. KELSCH, et al.,<br>Defendants. | **REPORT AND RECOMMENDATION** |

Defendant Richard R. Kelsch has filed a pro se Notice of Removal and Verified Notice of Removal of a state court civil action in this Court. (Docs. 1-1, 1-4). This matter is before the Court for *sua sponte* review of the removal filings to determine whether the Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The Notice of Removal and accompanying state-court complaint reflect that Hilton Capital Group, LLC filed a mortgage foreclosure action against Defendant and his unknown spouse, if any, in the Hamilton County, Ohio Court of Common Pleas, Case No. A2505004 on October 10, 2025. (Doc. 1-1 at PageID 5; Doc. 1-4 at PageID 28-29). Plaintiff seeks recovery on two promissory notes and foreclosure of a mortgage on property located in Hamilton County. (Doc. 1-4 at PageID 30-32). On September 24, 2026, Defendant filed his notice of removal in this Court.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

In this case, Defendant invokes the Court's federal question jurisdiction (Doc. 1-1 at PageID 5), but he has not established a basis for such jurisdiction. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal

defense is the only question truly at issue." *Id.* at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

Defendant has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint attached to the notice of removal does not show this case arises under the Constitution or laws of the United States. Rather, Plaintiff asserts state-law claims for recovery on promissory notes and foreclosure of a mortgage. And although the complaint also includes a notice under the Fair Debt Collection Practices Act, that notice does not assert a claim for relief under federal law or make resolution of a substantial federal question necessary to Plaintiff's recovery. *See Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

Defendant contends that the state-court proceedings violated his Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983, because he was not properly served with pleadings, dispositive motions, and the magistrate's decision granting summary judgment. (Doc. 1-4 at PageID 11-15). These allegations concern asserted defects in the state court proceedings, not a federal cause of action appearing on the face of Plaintiff's complaint. Nor may federal question jurisdiction rest on an actual or anticipated federal counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 66 (2009). And even if Defendant asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*,

507 F.3d at 914-15. Therefore, Defendant has failed to meet his burden of showing federal question jurisdiction in this matter.[1]

Although Defendant does not invoke diversity jurisdiction under 28 U.S.C. § 1332, the removal filings also do not establish complete diversity of citizenship. Plaintiff's complaint seeks recovery of $185,861.29, an amount exceeding the statutory threshold. But the complaint's allegation that Plaintiff is an Ohio limited liability company with its principal place of business in Hamilton County, Ohio, does not establish Plaintiff's citizenship for diversity purposes. Defendant has not identified the citizenship of each of Plaintiff's members, much less demonstrated complete diversity between Plaintiff and Defendant. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each of its members). Accordingly, Defendant has not carried his burden of establishing diversity jurisdiction.

For these reasons, it is **RECOMMENDED** that this action be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

---

[1] Defendant also contends that the September 11, 2026 magistrate's decision granting summary judgment made the action removable under 28 U.S.C. § 1446(b)(3). (Doc. 1-4 at PageID 11-12). That provision governs the timing of removal; it does not independently confer subject-matter jurisdiction. Defendant's reliance on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), and *Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982), is likewise misplaced. (*See* Doc. 1-4 at PageID 12). Those decisions concern, respectively, commencement of the removal period and exhaustion of state administrative remedies before bringing a § 1983 action. Neither supplies a basis for removal jurisdiction here.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).